**UNITED STATES of america,**
**Plaintiff–Appellee,**

v.

**Adrian SERNA–ZERMENO, also**
**known as Adrian Zerna–Zerme-**
**no, Defendant–Appellant.**

No. 03–50061.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

Before JONES, WIENER, and
BENAVIDES, Circuit Judges.

PER CURIAM.*

Adrian Serna–Zermeno appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Serna–Zermeno complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Serna–Zermeno thus contends that his sentence should not exceed the maximum terms of imprisonment prescribed in 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Serna–Zermeno acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appel-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Casares–Melendez acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.